1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICHARD ANTHONY ORTIZ,

Defendant.

Case No. CR12-62-RSL

ORDER DENYING
DEFENDANT'S MOTION
FOR COMPASSIONATE
RELEASE

This matter comes before the Court on defendant's "Motion for Sentence Reduction
Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and for Appointment of Counsel" (Dkt. # 1557).
Having considered the motion and the record contained herein, the Court finds as follows:

**I.      Procedural Motions**

As an initial matter, the Court finds compelling reasons justify sealing defendant's
records containing sensitive information (Dkt. # 1568). The government's motion to seal (Dkt.
# 1567) is accordingly GRANTED.

**II.     Background**

Defendant is a 43-year-old inmate currently incarcerated at Sheridan Federal Correctional
Institution ("Sheridan FCI"). *See Find an Inmate*, Fed. Bureau of Prisons,
https://www.bop.gov/inmateloc/ (last visited Jan. 23, 2023). On May 16, 2013, defendant was
found guilty of conspiracy to distribute heroin and/or methamphetamine in violation of 21
U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, as well as possession of heroin with intent to
distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Dkt. # 954; Dkt.

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 1

1 # 1196. On December 13, 2013, this Court sentenced defendant to a term of 180 months of

2 imprisonment and a five-year term of supervised release. Dkt. # 1196 at 2-3. Defendant is

3 currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on

4 February 18, 2025. *See Find an Inmate*, Fed. Bureau of Prisons,

5 https://www.bop.gov/inmateloc/ (last visited Jan. 23, 2023).

6     **III.    Legal Framework**

7     "A federal court generally 'may not modify a term of imprisonment once it has been

8 imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)).

9 Congress has provided an exception to that rule, known as compassionate release, which allows

10 the Court to reduce a sentence for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c);

11 *see also United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021); *United States v. Keller*, 2

12 F.4th 1278, 1281 (9th Cir. 2021). The First Step Act of 2018 amended the procedural

13 requirements governing compassionate release. Prior to the First Step Act's passage, only the

14 Director of the BOP could bring motions for compassionate release. Now, under the First Step

15 Act, defendants are permitted to directly petition the Court for compassionate release. As

16 amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

17
18         (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—

19             (1) in any case—

20
21
22
23
24
25
26
27                 (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

28

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 2

> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> (ii) . . .
>
> and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

Before passing the First Step Act, Congress directed the Sentencing Commission to promulgate a policy statement defining "extraordinary and compelling reasons" in the compassionate release context. *See* 28 U.S.C. § 994(t). In doing so, Congress instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* The Sentencing Commission implemented this directive from Congress with a policy statement—U.S.S.G. § 1B1.13. In relevant part, the policy statement provides,

> **Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)**
>
> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that—
>
> > (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
> >
> > (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> >
> > (3) The reduction is consistent with this policy statement.
>
> **Commentary**
>
> **Application Notes:**
>
> > 1. **Extraordinary and Compelling Reasons.**—Provided the defendant meets the requirements of subdivision (2),

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 3

extraordinary and compelling reasons exist under any of the circumstances set forth below:

**(A) Medical Condition of the Defendant—**

(i)     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)     The defendant is—

(I)     suffering from a serious physical or medical condition,

(II)     suffering from a serious functional or cognitive impairment, or

(III)     experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant—**The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(C) Family Circumstances—**

(i)     The death or incapacitation of the defendant's only family member capable of caring for the defendant's minor child or minor children.

(ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner

**(D) Other Reasons—**As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 4

extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons.**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant.**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

. . . .

U.S.S.G. § 1B1.13. The Ninth Circuit has held that U.S.S.G. § 1B1.13 "is not an 'applicable policy statement' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant." *Aruda*, 993 F.3d at 798, 802. The Court may consider U.S.S.G. § 1B1.13 in exercising its discretion, but it is not binding. *Id.*

## IV.   Defendant's Characteristics

In deciding whether to grant defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court first considers whether defendant has met the statutory exhaustion requirement. If the exhaustion requirement is met, the Court turns to three substantive considerations that govern compassionate release analysis: (1) whether "extraordinary and compelling reasons warrant such a reduction," (2) whether a reduction would be "consistent with *applicable* policy statements issued by the Sentencing Commission," and (3) the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (emphasis in original) (internal citations and quotations omitted). Significantly, the second requirement does not apply in this case, as there is currently no policy statement from the Sentencing Commission that is "applicable" to compassionate release motions filed by a defendant (rather than by the BOP Director). *Id.* at 946. "Although a district

1  court must conclude that a defendant satisfies all three predicates before granting a motion for

2  compassionate release, it may deny compassionate release if a defendant fails to satisfy any of

3  these grounds." *Id.*

4      **A. Exhaustion**

5      The Court first determines whether defendant has met the statutory exhaustion

6  requirement. Where, as here, the Director of the BOP has not filed the motion on defendant's

7  behalf, the Court may consider the motion only if defendant has requested that the BOP make

8  such a motion and either (i) defendant has "fully exhausted all administrative rights to appeal a

9  failure of the [BOP] to bring a motion on the defendant's behalf," or (ii) 30 days have elapsed

10  since the "warden of the defendant's facility" received a compassionate-release request from

11  defendant. *Keller*, 2 F.4th at 1281 (quoting 18 U.S.C. § 3582(c)(1)(A)). The Ninth Circuit has

12  held that "§ 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-

13  processing rule that must be enforced when properly invoked," rather than a rule that deprives

14  this Court of subject matter jurisdiction. *Id.* at 1282. In other words, if raised by the government

15  in opposition to a motion for compassionate release, the exhaustion requirement must be

16  enforced, but if the government does not raise the exhaustion requirement, it may be waived as a

17  ground for opposing compassionate release.

18      Exhaustion in the compassionate release context requires that the request to the warden

19  identify "[t]he extraordinary or compelling circumstances that the inmate believes warrant

20  consideration." *See* 28 C.F.R. § 571.61(a)(1) (regulation setting for the procedure for submitting

21  a § 3582(c)(1)(A) request to the warden). However, courts have not uniformly agreed on the

22  degree of specificity required. *See United States v. Escobar*, No. CR18-5236-LAB, 2021 WL

23  364163, at *1 (S.D. Cal. Feb. 3, 2021) (comparing cases).

24      Defendant claims that he submitted a request for compassionate release to the Warden at

25  Sheridan FCI on July 2, 2022. *See* Dkt. # 1557 at 12. However, he provides no documentation of

26

27

28

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 6

1     this request.[1] Defendant submitted a second request for compassionate release on August 9,

2     2022, which was received by the Warden on September 13, 2022. Dkt. # 1557-1 at 41. In this

3     second request, defendant notes that he is basing his request for compassionate release, in part,

4     on his "right to be housed in a humane and safe environment." *Id.* He encourages the Warden to

5     "interview" him to get more information on the "specific facts" underlying his request. *Id.* This

6     identification of the "extraordinary and compelling circumstances" on which defendant now

7     bases his motion is notably vague. However, the government's attempt to raise the exhaustion

8     requirement as to this issue is similarly vague. *See* Dkt. # 1566 at 11 (simply stating that

9     defendant "fails to establish exhaustion" in the conclusion of the brief). Thus, it is not clear that

10    the government has "properly" raised an objection in its response.

11          Defendant's claim that the BOP has wrongfully denied him earned time credits earned

12    under the First Step Act is not mentioned once in his request to the Warden. *See* Dkt. # 1557-1

13    at 41. Thus, that claim has not been exhausted.[2]

14          Defendant's compassionate release request is therefore denied to the extent it is based on

15    unexhausted arguments. However, because exhaustion requirements are not jurisdictional, and it

16    is not clear that the government has "properly" raised an objection, the Court examines whether

17    defendant has raised an "extraordinary and compelling circumstance" justifying his release.

18         **B. Extraordinary and Compelling Circumstances**

19

---

20         [1] The Court also notes that this was 18 days *before* the alleged July 20, 2022 incident on which

21    defendant partially bases his motion. *See id.* at 2; Dkt. # 1568.

22         [2] The government notes that the BOP has an established Administrative Remedy Process for
    inmates wanting to challenge "any aspect of his/her own confinement," *see* 28 C.F.R. § 542.10(a),

23    including challenges to BOP's computation of an inmate's sentence, *see United States v. Wilson*, 503
    U.S. 329, 335 (1992) (explaining that prisoners may be "able to seek judicial review of [their sentence]

24    computations after exhausting their administrative remedies"). *See* Dkt. # 1566 at 8 n.3. Defendant

25    appears to recognize that he has failed to meet these administrative exhaustion requirements, *see* Dkt. #
    1557 at 9, but argues that because he is being denied his earned time credits pursuant to a "formal

26    policy," the exhaustion requirement should be waived on futility grounds, *id.* (citing *Ward v. Chavez*,
    678 F.3d 1042, 1046 (9th Cir. 2012)). The Court need not reach this argument as it finds defendant has

27    failed to exhaust his argument even under the less stringent requirements imposed by the compassionate

28    release statute.

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 7

1    It is defendant's burden to establish an extraordinary and compelling reason warranting

2 compassionate release. *See Wright*, 46 F.4th at 951. Here, defendant raises four arguments in

3 support of his motion for compassionate release. He argues that (1) the BOP has not taken

4 "reasonable steps" to "prevent physical violence" at Sheridan FCI, Dkt. # 1557 at 2; (2) BOP

5 staff have mishandled his property, *id.* at 3; (3) the BOP has wrongfully denied him First Step

6 Act earned time credits, *id.* at 8-10; and (4) he has made "great strides" towards rehabilitation,

7 *id.* at 10-11.

8    The government argues that because defendant's claims revolve around his alleged

9 mistreatment at Sheridan FCI, they should be brought pursuant to a 28 U.S.C. § 2241 petition

10 and/or as a *Bivens* action.[3] Dkt. # 1566 at 8. Accordingly, the government contends that this case

11 should be dismissed on the basis of improper venue, as § 2241 actions must be brought in the

12 petitioner's "custodial court," *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000), and

13 *Bivens* actions must be brought in the district in which the facts giving rise to the claim took

14 place, *see Stafford v. Briggs*, 444 U.S. 527, 544 (1980) (holding that claims against government

15 officials in their individual capacities are governed by 28 U.S.C. § 1391(b)). *Id.* at 9. As

16 Sheridan FCI is located in the District of Oregon, that would be the proper venue for either a

17 § 2241 petition or a *Bivens*-style claim. *Id.*

18

19

20

21

22    [3] To the extent defendant brings challenges to conditions of confinement, these should be brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S.

23 388 (1971), the "federal analog" to 42 U.S.C. § 1983, *see Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). To the extent defendant challenges to the "manner, location, or conditions of [his] sentence's

24 execution," his claims may be brought pursuant to 28 U.S.C. § 2241, *see Hernandez*, 204 F.3d at 864;

25 *Zavala v. Ives*, 785 F.3d 367, 370 n.3 (9th Cir. 2015) (explaining that a "defendant may . . . challenge BOP's calculation [of his sentence]—in other words, the execution of the sentence—by filing a petition

26 for a writ of habeas corpus under 28 U.S.C. § 2241"); *see also Nettles v. Grounds*, 830 F.3d 922, 931 &

27 n.6 (9th Cir. 2016) (holding that if a state prisoner's claim does not lie at "the core of habeas corpus," it may not be brought in habeas corpus but must be brought, "if at all," under § 1983, but declining to

28 address how that standard "applies to relief sought by prisoners in federal custody").

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 8

While the Court agrees that defendant's claims are likely better suited to a civil rights action or § 2241 petition, there appears to be no barrier to considering his claims under the compassionate release framework.[4]

To the extent that defendant argues for compassionate release based on the general conditions of confinement at Sheridan FCI, "many courts [considering compassionate release motions] have rejected arguments regarding general conditions that affect inmates indiscriminately throughout the prison." *United States v. Cruz-Cruz*, No. CR13-49-RSL, 2021 WL 1968389, at *4 (W.D. Wash. May 17, 2021) (collecting cases). While courts in this district have taken harsh conditions of confinement into consideration when ruling on motions for compassionate release, they have done so when analyzing the § 3553(a) factors, not for the

---

[4] Several circuits have concluded that allowing defendants to raise arguments based on changes in sentencing law in the compassionate release context creates tension with the "habeas-channeling" rule put forth by the Supreme Court. *See United States v. McCall*, 56 F.4th 1048 (6th Cir. Dec. 22, 2022) (en banc); *United States v. Jenkins*, 50 F.4th 1185, 1202 (D.C. Cir. 2022) (concluding that "[t]he habeas-channeling rule of *Preiser* independently forecloses using compassionate release to correct sentencing errors"); *United States v. Escajeda*, __ F.4th __, 2023 WL 195798 (5th Cir. Jan. 17, 2023); *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir. 2022); *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021); *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022).

However, the Ninth Circuit has come to the opposite conclusion, concluding that "Congress has only placed two limitations directly on extraordinary and compelling reasons: the requirement that district courts are bound by the Sentencing Commission's policy statement, which does not apply here, and the requirement that '[r]ehabilitation . . . alone' is not extraordinary and compelling." *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022). Indeed, in *Chen*, the Ninth Circuit explicitly considered and rejected the argument that where habeas provides a mechanism to obtain the relief sought, a "defendant should not be able to bypass [habeas] through compassionate release." *Id.* at 1101 (rejecting the argument that defendants "should not be allowed to move for a sentence reduction under Section 3582(c)(1)(A) because Section 2255 already provides a mechanism to challenge a sentence based on nonretroactive changes in sentencing law").

Accordingly, "the determination of what constitutes extraordinary and compelling reasons for sentence reduction lies squarely within the district court's discretion." *Id.* at 1095; *see also Aruda*, 993 F.3d at 801 ("[T]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (emphasis in original)).

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 9

1   purpose of determining whether a defendant established the threshold extraordinary and

2   compelling circumstances. *Cruz-Cruz*, 2021 WL 1968389, at *4.

3         Defendant's individual claims regarding his experiences at Sheridan FCI and the

4   calculation of his earned time credits do not constitute "extraordinary and compelling"

5   circumstances warranting the relief requested here (converting defendant's sentence to time

6   served and six months of home confinement on supervised release). Dkt. # 1557 at 12. As the

7   Court notes above, defendant's claims would be more appropriately remedied through a § 2241

8   petition and/or a *Bivens* action, and he is free to bring those claims in the correct venue.[5]

9         Finally, defendant also argues that "extraordinary and compelling circumstances" are

10  established by his "great efforts at rehabilitation," specifically the forty-one classes he has

11  completed while incarcerated. Dkt. # 1557 at 11. While the Court acknowledges defendant's

12  efforts, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and

13  compelling reason." 28 U.S.C. § 994(t).

14     **C.  § 3553(a) Factors**

15        Even if defendant could establish "extraordinary and compelling" reasons warranting

16  compassionate release, analysis of the factors listed in § 3553(a) provides additional grounds for

17  denying his motion. The "nature and circumstances of the offense and the history and

18  characteristics of the defendant" alone militate against granting compassionate release here. 18

19  U.S.C. § 3553(a)(1). Defendant was a key member in a large and dangerous drug conspiracy,

20  and he has a lengthy criminal history (including convictions for violent and firearms-related

21  offenses). Dkt. # 1187. Even more concerning, defendant committed the instant offense while on

22  federal supervised release after pleading guilty to being a felon in possession of a firearm. *Id.*

23  Additionally, evidence presented at defendant's trial demonstrated that while he was serving his

24

25

26       [5] The Court notes that defendant is familiar with these vehicles, as he previously filed a § 2241
petition in the District of Oregon, challenging the conditions at Sheridan FCI during the COVID-19

27  related lockdown. *See Ortiz v. Hendrix,* No. C21-1643-SB (D. Or. Nov. 10, 2021).

28

1  federal sentence on the felon in possession charge, he was actively planning to re-join the drug

2  conspiracy for which he is currently incarcerated. *Id.* at 8.

3      Thus, a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i) would not be consistent

4  with the Court's analysis of the factors listed in 18 U.S.C. § 3553(a). The Court DENIES

5  defendant's motion for compassionate release.

6      **V.      Request to Transfer to District of Oregon**

7      Defendant, perhaps recognizing that compassionate release is not the best vehicle for his

8  claims, argues that if the Court treats his instant motion "as a petition for a writ of habeas

9  corpus," it should transfer the case to the "District of Oregon under 28 U.S.C. Section 1631."

10  Dkt. # 1557 at 5. Because the Court has construed defendant's motion as one for compassionate

11  release and denied the motion on the merits, the Court denies defendant's request to transfer the

12  motion to the District of Oregon.[6]

13      **VI.      Appointment of Counsel**

14      The Court also denies defendant's request for appointment of counsel. The Ninth Circuit

15  has held that defendants do not have a Sixth Amendment right to counsel when bringing a

16  § 3582(c) motion. *See United States v. Townsend*, 98 F.3d 510, 511-13 (9th Cir. 1996). Thus,

17  "the decision whether to appoint counsel rests in the discretion of the district court." *Id.* at 513

18  (quoting *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995)). Generally, district

19

20      [6] The Court also notes that 28 U.S.C. § 1631 provides "[w]henever a civil action is filed . . . and

21  that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer
    such action or appeal to any other court . . . in which the action or appeal could have been brought at the

22  time it was filed." Thus, the plain language of the statute makes clear that the power to transfer is limited
    to "civil actions." A motion for compassionate release is brought under Title 18 of the United States

23  Code, the primary federal criminal code, and is docketed with the sentencing. *See United States v. Ono*,
    72 F.3d 101, 102 (9th Cir. 1995) (explaining that "[b]ecause the purpose of a § 3582 motion is

24  resentencing, a motion under § 3582(c) is undoubtedly a 'step in the criminal case.'"). Accordingly, the

25  Court finds that unlike petitions brought under Title 28 of the United States Code (which include § 2241
    petitions), a motion for compassionate release is not a "civil action" and does not fall under § 1631. *Cf.*

26  *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001) (construing petitioner's petition for review as
    a petition for habeas corpus and transferring the petition to the district court with jurisdiction to hear

27  petitioner's claims pursuant to § 1631); *Arreola-Arreola v. Ashcroft*, 383 F.3d 956 (9th Cir. 2004)

28  (same).

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 11

1   courts only appoint counsel in "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390

2   F.3d 1101, 1103 (9th Cir. 2004). "A finding of the exceptional circumstances of the plaintiff

3   seeking assistance requires at least an evaluation of the likelihood of the plaintiff's success on

4   the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the

5   complexity of the legal issues involved.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328,

6   1331 (9th Cir. 1986)). Here, the Court has found defendant cannot succeed on the merits. Thus,

7   the case does not present exceptional circumstances warranting the appointment of counsel.

8         "Furthermore, there is no statute of limitations, nor is there a limit on the number of

9   requests an inmate can make under 18 U.S.C. 3582. Thus, it is rare that there exist

10  circumstances necessitating the appointment of counsel to request compassionate release."

11  *United States v. Parlor*, No. CR18-203-BLW, 2022 WL 1538698, at *1 (D. Idaho May 16,

12  2022).

13        **VII.   Conclusion**

14        For all the foregoing reasons, defendant's motion for compassionate release (Dkt. # 1557)

15  is DENIED. The government's motion to seal (Dkt. # 1567) is GRANTED.

16

17        IT IS SO ORDERED.

18

19        DATED this 6th day of February, 2023.

20

21

22        *Robert S. Lasnik*
          Robert S. Lasnik

23        United States District Judge

24

25

26

27

28

ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE - 12