UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD ANTHONY ORTIZ,<br><br>Defendant. | Case No. CR12-62RSL<br><br>ORDER GRANTING<br>MOTION FOR EXTENSION<br>OF TIME |

This matter comes before the Court on defendant's "Notice of Appeal" (Dkt. # 1575), in which he requests an extension of time to file his appeal. Having reviewed the motion and the balance of the record, the Court GRANTS defendant's request for an extension of time.

**I.    Procedural Background**

On February 6, 2023, this Court entered an Order denying defendant's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and for appointment of counsel. Dkt. # 1571. Under the Federal Rules of Appellate Procedure, defendant had 14 days after the Order was entered to file a timely notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). Thus, to comply with the Rule, defendant needed to file his notice of appeal by February 20, 2023. *See* Fed. R. App. P. 26(a)(1) (counting days). Defendant missed this deadline, filing his notice of appeal on March 1, 2023. Dkt. # 1575.

Although not jurisdictional, the 14-day deadline established by Rule 4(b) is a mandatory claim-processing rule that, if invoked by the government, requires dismissal of an appeal. *United States v. Sadler*, 480 F.3d 932, 938-42 (9th Cir. 2007). The United States is unwilling to waive

ORDER GRANTING MOTION FOR EXTENSION
OF TIME - 1

this deadline. *See* Dkt. # 1585 at 4. Accordingly, unless this deadline can be extended, defendant's appeal must be dismissed as untimely. As the Court of Appeals lacks the authority to extend the time for filing a notice of appeal, Fed. R. App. P. 26(b)(2); *see also United States v. Arevalo*, 408 F.3d 1233, 1238-39 (9th Cir. 2005), this case was remanded from the Ninth Circuit back to this Court for the limited purpose of considering "whether appellant's notice of appeal and attached declaration show excusable neglect or good cause for extending the time to file the notice of appeal," Dkt. # 1591.

**II.     Discussion**

The Court now turns to the question of whether an extension of time should be granted here. Upon a showing of "excusable neglect or good cause" this Court may extend the time for filing a notice of appeal "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). "An analysis of 'excusable neglect' generally requires a court to analyze the four factors set out by the Supreme Court." *See United States v. Navarro*, 800 F.3d 1104, 1109 (9th Cir. 2015) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). These factors include danger of prejudice, length of the delay and its potential impact on judicial proceedings, reason for the delay, and whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395. Alternatively, "'good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Navarro*, 800 F.3d at 1109 (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)).

Defendant argues that an extension of time is proper here because he did not receive the Court's February 6 Order denying his motion for compassionate release until February 21, 2023 – the day after the deadline for filing a notice of appeal had passed. Dkt. # 1575-1. Defendant alleges in a declaration attached to his notice of appeal that "through no fault of my own, the prison mailroom staff caused me to miss the deadline to file my appeal in a timely fashion." *Id.*

In its motion to the Ninth Circuit requesting this limited remand, the government noted that defendant's explanation for his late filing, "if proven, would likely establish good cause," but emphasized that "the United States has not had an opportunity to attempt to confirm or

ORDER GRANTING MOTION FOR EXTENSION
OF TIME - 2

challenge" defendant's claims. Dkt. # 1585 at 4. In the government's memorandum to this Court, the government explains that it "has gathered information relevant to Ortiz's claim that he did not receive the Court's order until February 21, 2023," and that this "information casts doubt on Ortiz's claim but does not refute it." Dkt. # 1589 at 1. The government's research reveals that on average, mailings sent from the U.S. Attorney's Office for the Western District of Washington to inmates at the Federal Bureau of Prisons facility in Sheridan, Oregon take about 2.7 days to reach the prison. Dkt. # 1590 at 1. It further reveals that defendant received the government's response to his motion for compassionate release on January 11, 2023 – two days after it was filed on January 9, 2023. *Id.* at 2. However, this data – which relates to mail sent from the U.S. Attorney's Office rather than from this Court – has minimal bearing on the question of when defendant received this Court's June 6 Order. Significantly, the government notes that it "usually stamps case filings that we mail to inmates as legal mail," and acknowledges that this Court's February 6 "order was not marked as legal mail." *Id.* Because the Order was not marked as legal mail, Sheridan staff does not have a log of when they gave the Order to defendant. *Id.* Nor does it appear that the government has any evidence of when the Sheridan mailroom staff received the Order. *See generally* Dkt. # 1590. Finally, and perhaps most critically, BOP officials state that "it would not be terribly unusual" for "a piece of mail that is not marked as legal mail to take more than 14 days to reach a prisoner at Sheridan." Dkt. # 1590 at 2.

Given this additional information does not refute defendant's claim, the Court finds that defendant has demonstrated "excusable neglect" and "good cause." As to excusable neglect, the delay in filing the notice of appeal was fairly short – ten days past the deadline. Thus, the danger of prejudice and potential impact on judicial proceedings is reasonably low. Furthermore, defendant's reason for delay – that he was not informed of the February 6 Order until after the notice of appeal deadline had passed – is compelling and appears to be supported by the record. Finally, there is no indication that defendant acted in bad faith. Because defendant's notice of appeal was filed within the 30-day extension period contemplated in Rule 4(b)(4), his notice of

ORDER GRANTING MOTION FOR EXTENSION
OF TIME - 3

appeal is timely. *See United States v. Green*, 89 F.3d 657, 659-60 (9th Cir. 1996); *United States v. Buzard,* 884 F.2d 475, 475-76 (9th Cir. 1989).

### III.    Conclusion

For all the foregoing reasons, defendant's motion for extension of time (Dkt. # 1575) is GRANTED and his notice of appeal is timely.

The Clerk of Court is requested to send the Ninth Circuit a copy of this Order, given defendant's pending appeal in that court docketed at No. 23-305.

IT IS SO ORDERED.

DATED this 12th day of June, 2023.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR EXTENSION
OF TIME - 4